## CHARLES E. PIKE & wife *vs.* SAMUEL H. WALLEY & another.

A testator by his will gave to each of his children the sum of $ 7,000, to be paid to each child on attaining the age of twenty one years, with interest to each child after the first from the time of the first payment. By a codicil he gave to each child, " in addition to the amount already given by said will," the additional sum of $ 3,000, to be paid to each when the youngest child should be twelve years of age. *Held*, that the legacies given by the codicil did not bear interest.

ACTION OF CONTRACT against the trustees under the will of Stephen J. Bowles, the father of the female plaintiff, tc recover interest upon a legacy.

By the seventh article of the will the testator gave to each of his children " the sum of seven thousand dollars each, to be paid to them, severally, as soon as they shall respectively attain to the age of twenty one years; or, if my daughters or either of them shall be married before arriving at this age, with the consent to such marriage of her mother, if living, if not, of her guardian, then and in such case to be paid to my daughter upon her marriage. And my will is that my executors or

trustees shall pay to each child, after the first, in addition to the principal sum bequeathed by this item, interest at the rate of five per cent. per annum, to be reckoned from the day when the first payment was made up to the day of settlement with each child respectively under this item of my will."

By a codicil the testator gave to each of his children, "severally, the sum of three thousand dollars in addition to the amount already given by the seventh article of said will; and I direct my executors to pay the said additional sum hereby given to each of my children respectively, when and as soon as my youngest child living at any period after my decease shall be twelve years of age."

The testator died on the 26th of March 1846. The payment, under the seventh article of the will, to the eldest child, was made in February 1847. The youngest child became twelve years of age upon the 9th of November 1857, and the plaintiffs then received the legacy of $3,000, under the codicil. The plaintiffs contended that by the terms of the seventh article of the will and of the codicil, taken together, the younger children were entitled to interest upon their last legacies from February 1847, the date of the payment to the eldest child, to the time of payment of the legacies under the codicil. The case was submitted to the judgment of the court upon the facts above stated.

*C. E. Pike & G. E. Betton*, for the plaintiffs.

*C. H. Hill*, for the defendants.

METCALF, J. The court have recently recognized it as an established *prima facie* rule of construction, that an additional legacy, given by a codicil, is attended with the same incidents as the original legacy. *Tilden* v. *Tilden*, 13 Gray, 108. This, like other rules for the construction of wills, is established for the purpose of carrying into effect the intention of the testator. It is only a *prima facie* rule, and therefore is not to be applied to any case in which the court are convinced, on examination of the whole instrument, that its application would not effect, but would thwart, that intention. In such a case the rule must yield to the intention, and not the intention to the rule.

In the present case, the court are of opinion that the testator did not intend that interest should be paid on the $3,000 legacies, given by the codicil, as he had directed it to be paid on the $7,000 legacies, given by the original will. He evidently meant that the legatees in the original will should have their legacies upon a scheme of equality which he had in mind; namely, that each of them should have the same ultimate pecuniary benefit as if their legacies had all been made payable at the same time; that as soon as the oldest should have the possession and use of her legacy, the others should have interest accumulating on theirs.

If the codicil had merely added $3,000 to the $7,000 given by the original will, we have no doubt that interest would have been payable thereon, as on the $7,000. But the additional sum of $3,000 is made payable to each legatee at the same time, to wit, almost eleven years after payment was directed to be made of $7,000 to the oldest legatee, on her coming of age. And if interest is to be paid on that additional sum in like manner as on the $7,000, the younger legatees will receive nearly double as much as the oldest; for interest on the $7,000 is to be paid "to each child after the first;" thus excluding the oldest from interest on the $3,000 as well as on the $7,000, and destroying that equality which was manifestly a leading purpose of the testator.            *Judgment for the defendants.*